Hamilton for the plaintiff.
The principal question is, xvhether the plaintiff is entitled to a commission on the leather? There is another supplementary point, as to the admissibility of the evidence of the admiralty proceedings, from whence xve derive the testimony of the defendant’s letter. The right to the commission, xvill depend on the construction of the defendant’s letter. By that, the cargo is consigned to him. There is a little apparent ambiguity relating to the two and a half per cent, whether to be taken on the sales and investments distributively or copulatively. But on this, there is no actual difference of opinion, for the counsel on the other side agreed to the *352 distributive acceptation of the words# with this only exception, of bills and money. The dispute now, is as to the leather. On the latter there can be no doubt. The circumstances of the case, shew there can not be a different construction. The plaintiff was consignee of the whole cargo. The mere being a consignee, according to mercantile law, entitles to commissions : for commission is incident to consignment. He was to have a commission on the sales. The leather was only contracted for here. That contract, and the sale in consequence of it, was both consummated by the delivery, which the plaintiff had to perform. All writers distinguish contracts from sales. The latter are perfected only by payment, or delivery ; and this last the plaintiff had to perform, under a load of discretionary power, which he had to exercise, in weighing or delivering, as circumstances might require : besides, he had an alternative power to sell, or deliver : he was therefore agent and consignee. The defendant, it is understood, relies on the contract and sale of the leather being here ; therefore, being the effect of his own labor and exertions, that the plaintiff, in this respect, was a mere captain, and can not claim any commission. This has been already confuted; the trouble the plaintiff was to have, is-stated in the letter of the defendant, and it is not presumable that he was to have it for nothing ; especially as his situation charged him with a responsibility, which the court can never suppose to be gratuitously undertaken, as general consignee of the whole .cargo, commission on all must be-implied. On the admissibility of the proceedings, the court will observe, that papers often gain respect in consequence of the situation where found. Old papers with wills, &c. are not accredited- merely from their antiquity. There can he no doubt that sentences the Admiralty, for the purpose of establishing any fact they contain, and all the proceedings incident, are prima facie evidence. The question now is, whether proceedings relating to the subject of controversy, shall be receivwhen that subject was not the matter before the court there : If decided against the plaintiff, it will only tura *353 him round to a court of equity, which the cpurt certainly will not do. The objection to the admission is the want of proof of the hand-writing of the defendant—The court will remember there has been a notice to produce the original; that the letter in question has every circumstance to make it believed, a fair and regular document, it was the guide of the plaintiff’s conduct, and has been forcibly taken from him ; it was against his consent, and without his concurrence that it was placed in the archives of the court of Admiralty, where it is irrevocably fixed, from whence it can never he removed : It is adduced only as prima facie evidence, therefore the defendant was at liberty to rebut its contents. In our own courts a copy thus authenticated, would be good evidence, and the almost impossibility of sending a person to authenticate by inspection, is an argument, from the excessive inconvenience, why the evidence should be received. No one can disbelieve the fact. The only difficulty is the technical one, of establishing the hand-writing ; but in the present case, the document ought, abstracted from the rule of law, to have its weight.
Hoffman and E. Livingston, contra. First, as to the admissibility of the testimony—the court must depart from every rule, before they can be inclined to admit it. Suppose the letter itself had come into court, and been produced, would that have been enough, to have it read before a jury? Must not the hand-writing, the execution as it might be called, have been first established ? Waving, therefore, technical reasoning, shall a letter read in the court of Admiralty, and made an exhibit there, become in this circuitous mode, evidence here, where the letter itself, the very exhibit would not be testimony ? A plaintiff cannot, by merely producing a paper, make it evidence for him. But the argument is, that if he will first exhibit it, in a foreign court of Admiralty, the copy shall be better than the original. The difficulties and inconvenienci<SS, arise, as they ever will,'in consequence of departing from established rules, and is not an admissible argument. The law points out a mode, a bill in equity—In the admi *354 ralty, no proof is made of the genuineness of the letter,* nothing but a mere naked possession. But even admitíing it, the case itself, when plainly stated, solves every cqfgcu]:ty. The leather was only to be delivered in Franee, S°M—that business was done here : the plaintiff filled *wo characters, and each consistent; he was to deliver the leather as master, in this capacity he was a mere carrier. ’ the residue of the cargo he was to sell ; and here he was . , . , . . _ _ ■ consignee, to receive the commission of 2 1-2 per cent, on sales and investments, distributively. The question is, was.the leather sold by him ?' If so, he is to be paid a commission; if not so sold, he is not entitled to any. He . / must, according to the counsel s own position, contract and deliver to make a sale. The plaintiff delivered then bnly on the principles relied on; he did not sell. If paid for in France, 2 1-2 per cent, commission was to be allowed. It is not now paid for, and the plaintiff cannot on the leather, claim a commission : it can be put in no other shape. The delivery, therefore, was all the plaintiff performed, as to the leather ; that was in the line of his duty as captain, and for that he has his wages. These very commissions were charged and relinquished. In the account ■which makes a part of the case, they were claimed, but on being objected to were stricken out, and a receipt given for the balance without them.
Commissions are claimed by the words of the letter of directions if then they are not plain, explicit, and bearing the fullest proof, they are not to be allowed. One must be ignorant of the English language if they ought; the words are “ the commissions upon the \sales and investmentsWas there a sale, was there a receipt of money or bills, was there an investment ? In these three cases, commissions were to be allowed, not otherwise. But the qualification of consignee confers, it is said, wonderful rights. That the mere character, implies a title to commissions. Consignment alone gives no commissions, it is complying with that consignment, and the conditions on which made. Commission is the child of sale. The result of benefit to the parties, not the mere placing in the *355 hands of another, when nothing is done : still less when what is done, is contrary to orders. The instructions are, “ to be delivered, their paying yon on delivery.” Non-obedience of this positive order.; is an answer to the claim of commission. The contract being in the alternative, for payment here, or in France, is nothing to the purpose. The defendant was to decide on the place, and he chose it to be at that of delivery, and on delivery only. That the wages were less than ordinarily given, was the natural and reasonable consequence of circumstances. The plaintiff Was made consignee of the cargo, and had he obeyed his instructions, by receiving payment on delivery of the leather, and investing the proceeds for an India voyage, as was contemplated, his emoluments would have been excessive. He has acted in contradiction to his orders, and therefore instead of commissions, is liable to responsibilities. As to the evidence, it may be procured in another way.
Hamilton in reply. It will be necessary to add only-one or two observations to the reasons for admitting this testimony. It is not asked to be received as conclusive, but only as prima facie evidence, subject to be rebutted. It therefore, is not put on the same footing as a letter with the hand-writing, or execution as it has been termed, fully established: in this last case, it would be final. The determination of the court is of immense importance ; but they will recollect, that the original letter was not voluntarily brought into a court, to forward the interests of the party adducing it. The question is, whether an agent on the sea, in the prosecution of his business, in possession-of all the papers and documents necessary to establish his agency and claims, shall not, when despoiled of them, give a copy from a court of admiralty, where they are deposited, in testimony, as primafacie evidence ? for it is confined to that. The circumstances with which the proposition is qualified, the court will please to observe, take away all idea of fabricating papers to make use of them as testimony. Then will the court turn us round to a bill in equity ? We deny that the plaintiff was to deliver only $ *356 he was to exercise discretion, and that takes him out of the line of a mere carrier. The bill of lading is filled up to him as consignee ; he had even a power to sell the leatf-,er on certajn events, and his character of captain did not necessarily destroy or merge that of consignee. The prospects and hopes of a secondary voyage, we contend the court cannot infer as a consideration. It does not appear; amere chance cannot, by intendment of law, become a consideration for meritorious services, when there is a written contract. The captain could not be a mere carrier; for if he had been so, delivery to him would have been delivery to the French Republic, and he could have no power to withhold. On the receipt, it is necessary only to state, that it was first written “ in fullso it stood when the balance was struck, including the commissions on the leather. When those were objected to and deducted, the words “ in full” were struck out, by drawing a pen through them. Why ? Because, as the commissions were not paid on the leather, the receipt was not in full, and those commissions are the object of the present suit.
Thompson, J. now delivered the opinion of the court.
The two questions presented for the opinion of the court in this case are,
1st. As to the admissibility of the evidence taken under the commission.'
2d. Whether the plaintiff was entitled to any commissions on the leather delivered to the French government ? and if to any, what rate was to be allowed ?
I shall pass over the first point, as to the admissibility of the proof, the other being the principal question, and going to the merits of the action. Admitting the letters to have been sufficiently proved, I think they will not warrant a construction, that the plaintiff was to have commissions upon the leather. By the contract made between the defendant and the French minister, respecting the leather, as appears from the plaintiff’s witness, no condition was annexed, or option left with the defendant to sell, in case payment was not made. The stipulation on the *357 defendant’s part, was absolute to deliver it; and in case * 7 ' payment was not made on delivery, tlfe French minister bound himself to pay for it at the Treasury of the United States, out of the debt due to the French Republic. This being the contract with respect to the leather, it is hardly presumable that it could be the intention of the parties, that the captain was to receive a commission of 2 1-2 per cent for such delivery, especially as he was master of the ship, and received pay as such, though £20 a month under the usual allowance. But he was always to receive commissions on a very valuable cargo, (amounting to £59,415, exclusive of the leather,) and this was probably the reason why his wages, as master, were reduced. These circumstances are mentioned as aiding, in some measure, the explanation of the letters, which may," perhaps, appear doubtful. In mercantile language, I believe, it is well understood, that commissions mean an allowance or compensation made upon the sale or purchase of goods ; and in conformity to this understanding, we find the defendant’s letter, which is made the foundation of this action. He says, “ The commissions upon the sales and investments, will be 2 1-2 per cent." Has there been a sale or investment of this leather ? certainly not; neither was there, by the first letter, any authority or direction given the plaintiff on any event to sell the leather; He was to deliver it to the agents of the French government. I confine myself now entirely to the first letter, because that is the only one that speaks of any commissions. We do not find the plaintiff, when the French government declined receiving the leather, offering it for sale, bat he repeated his efforts to deliver it, until he succeeded. This serves to shew what his conceptions were, with respect to his directions for disposing of tiffs leather. We find also, that Messrs. Barton, Capon and Barton, joint agents with the plaintiff in the sale of the cargo, niade no charge of commissions upon this part of the cargo. It is true, the defendant, by a letter dated the 3d March, 1795, two months after the vessel sailed, directed the plaintiff) if he could not get the money for the leather, agreeable
*358 contract; t0 sell it, if he could get nearly the same price, This letter, however, could not alter the plaintiff’s right ght to commissions under the former contract, which wras consummated previous to the sailing of the vessel. If this let- " ter gave directions to make a different disposition of the cargo than his former instructions would warrant, and he-had accordingly done so, it might, perhaps, have afforded grounds for a claim of commissions, or an action on a quantum meruit for such services ; or if he had received the money from the French government, and invested it according to his first instructions, he might have been entitled to his commissions on suchunvestments. But all this is completely answered, by shewing that he made no sale, or other disposition of the leather, hut barely delivered it to the French government, pursuant to the first directions of the defendant,. The opinion of the court, therefore, is, the plaintiff was only entitled to commissions on the sales ■ and investments of the cargo; that here has been no sale or investment of the leather, but only a delivery of it to the French government, according to the defendant’s contract with their minister, and, of course, no commissions due him; and that judgment ought to be for the defendant,

 A copy of a note of hand refused, there being no proof that the original note was genuine. Goodier v. Lake, 1 Atk. 446. N. B. The rules of evidence are the same in equity, as at law.